UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81324-CIV-ALTMAN

**REBA SHERRILL**,

    *Plaintiff*,

v.

**THE FLORIDA ELECTIONS COMMISSION,**

    *Defendant*.

_____/

## **ORDER**

On August 17, 2020, the Petitioner filed an Emergency Ex-Parte Petition for Writ of Mandamus against The Florida Elections Commission (the "F.E.C.") (the "Petition" or "Pet.") [ECF No. 1]. The Petitioner alleges that, "[o]n August 13, 2020 [she] filed a formal complaint with the F.E.C. concerning [Republican primary candidate Laura Loomer's eligibility for congressional office] requesting the F.E.C. take action within 24 hours on an emergency basis." Pet. at 2. Dissatisfied with the pace at which the F.E.C. has responded (or failed to respond) to her complaint, the Petitioner seeks a drastic remedy. On the day before the primary—and before the F.E.C. has had the chance to adjudicate her complaint—the Petitioner asks this Court to enter an order "[d]irecting the [Florida Election Commission] to remove Ms. Loomer's status as a candidate" and "[o]rder the Republican Party of Florida to conduct a special election with only candidates who are legally qualified to participate." *Id*. at 6.

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Whether to issue a writ of mandamus "is in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. U.S. Dist. Ct. for the*

*N. Dist. Of Cal.*, 426 U.S. 394, 403 (1976). But "the writ will issue only in extraordinary circumstances," *id.*, and only to compel the performance of "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Before granting the extraordinary relief of mandamus, courts generally require petitioners to satisfy the following three elements: "(1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Carter v. Seamans*, 411 F.2d 767, 774 (5th Cir. 1969). "[A] writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (cleaned up).

Here, however, the Court cannot address the merits of the Petition because the Court lacks subject-matter jurisdiction over this case. The F.E.C., after all, is not "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. It is, rather, a *state* administrative agency that enforces the State of Florida's election code. Because the Petitioner seeks "a writ of mandamus compelling action from state officials, not federal officials, the district court lack[s] jurisdiction to grant relief." *Lawrence v. Miami-Dade Cty. State Attorney's Office*, 272 F. App'x 781 (11th Cir. 2008); *see also Carnage v. Sanborn*, 304 F. Supp. 857 (N.D. Ga. 1969) (holding that 28 U.S.C. § 1361 "is not applicable to the instant case for the defendant here is a state rather than a federal employee"). The Petitioner, in short, must pursue redress in the *state* courts.

\*\*\*

Because the Court lacks subject-matter jurisdiction over this case, the Court hereby

**ORDERS AND ADJUDGES** that the Emergency Petition for Writ of Mandamus [ECF No. 1] is **DISMISSED without prejudice**. The Clerk of Court shall **CLOSE** this case. Any other pending motions are **DENIED as moot**. All pending hearings and deadlines are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of August 2020.

                                                **ROY K. ALTMAN**
                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record